UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NAUTILUS INSURANCE COMPANY, )
      Plaintiff, )
  )
vs. )
  ) Case No. 4:16CV120 HEA
RDB UNIVERSAL SERVICES, LLC; )
DELORIS BERRY; RELDER BERRY; PAINTERS )
DISTRICT COUNCIL NO. 58; PAINTERS )
DISTRICT COUNCIL NO. 2 PENSION TRUST; )
PAINTERS DISTRICT COUNCIL NO. 2 )
WELFARE TRUST; PAINTERS DISTRICT )
COUNCIL NO. 2 VACATION TRUST; )
PAINTERS DISTRICT COUNCIL NO. 2 )
APPRENTICESHIP AND JOURNEYMAN )
TRAINING TRUST; GREGG SMITH; DAVID )
DOERR; RICH LUCKS; WILLIAM )
BOEVINGLOH; CARL FARRELL; DONALD )
THOMAS; DANIEL WEINSTROER; MICHAEL )
SMITH; DANIEL HANSON; STEVEN PHILIPP, )
JR.; MARK BORGMANN; MICHAEL )
SLATTERY; JOSEPH KEIPP; TIM WEIS; AND )
FRED PHILIPP, JR., )
  )
      Defendants. )
  )

## **OPINIONS, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. No. 27]. Defendants Painters District Council No. 58, *et al.*,[1] ("Objecting Defendants") have filed a written opposition to the Motion. For the reasons set forth below, the Motion will be granted.

### **Facts and Background**

The undisputed material facts establish the following:

---

[1] The Court assumes that the inclusion of the remaining defendants through the "*et al*" reference does not include those Defendants against whom a default has been taken.

Nautilus is a corporation organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona. At all times relevant hereto, Nautilus was a surplus lines insurer whose policies may be sold in Illinois.

Defendant RDB Universal Services, LLC, ("RDB") is a limited liability company existing under the laws of Missouri, doing business at 5857 Julian, St. Louis, Missouri.  Defendant Deloris Berry was at all relevant times hereto a citizen of St. Louis, Missouri. Defendant Relder Berry was at all relevant times hereto a citizen of St. Louis, Missouri. Defendant Painters District Council No. 58 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act and maintains its principal offices at 2501 59th Street, St. Louis, Missouri 63110.  Defendant Painters District Council No. 2 Pension Trust ("Pension Trust") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of the Employee Retirement Income Security Act of 1974 (ERISA) and is administered at 13801 Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043.  Defendant Painters District Council No. 2 Welfare Trust ("Welfare Trust") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA and is administered at 13801 Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043.  Defendant Painters District Council No. 2 Vacation Trust ("Vacation Trust") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA and is administered at 13801

Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043. Defendant Painters District Council No. 2 Apprenticeship and Journeyman Training Trust ("Apprenticeship Trust") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA and is administered at 18036 Eads Avenue, Chesterfield, Missouri 63005. Gregg Smith is a citizen of the State of Missouri and, at all relevant times hereto, acted as the business manager of Painters, a trustee of the Pension Trust, Welfare Trust, Vacation Trust, and Apprenticeship Trust. David Doerr is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Pension Trust and Vacation Trust. Rich Lucks is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Pension Trust. William Boevingloh is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Welfare Trust and the Apprenticeship Trust. Carol Farrell is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Welfare Trust, Vacation Trust, and Apprenticeship Trust. Donald Thomas is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Welfare Trust. Daniel Weinstroer is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Pension Trust. Michael Smith is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Welfare Trust and Apprenticeship Trust. Daniel Hanson is a citizen of the State of Missouri and, at all relevant

times hereto, acted as a trustee of the Welfare Trust. Steven Philipp, Jr. is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Vacation Trust. Mark Borgmann is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Vacation Trust. Michael Slattery is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Apprenticeship Trust. Joseph Keipp is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Vacation Trust and Apprenticeship Trust. Tim Weiss is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Pension Trust. Fred Philipp, Jr. is a citizen of the State of Missouri and, at all relevant times hereto, acted as a trustee of the Pension Trust.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this litigation occurred in this judicial district and because all of the defendants are residents of this judicial district.

On October 27, 2014, the Union Defendants filed a lawsuit in the United States District Court for the Eastern District of Missouri, entitled *Painters District Council No. 58 et al. v. RDB Universal Services, LLC et al.*, and

pending as Case Number 4:14-cv-01812 ("Underlying Lawsuit").[2] The Underlying Lawsuit alleges that RDB Universal was a signatory and/or bound by a collective bargaining agreement ("CBA") with Painters District Council No. 58 through the signature of Relder Berry, on April 15, 2013. The Underlying Lawsuit alleges that, per the CBA, RDB Universal was required to submit fringe benefits, dues remissions, and contributions to a Labor Management Cooperation Fund, evidencing hours worked by its construction employees. The Underlying Lawsuit further alleges that, per the CBA, RDB Universal was obligated to make weekly reports and contributions for all covered employees, showing the number of hours worked and contributions due for its construction employees. The Underlying Lawsuit alleges that the CBA required RDB Universal to make weekly contributions to the employee benefit plans and to the Labor Management Cooperation Fund. The Underlying Lawsuit further alleges that the CBA required RDB Universal to remit union dues to Painters District Council No. 58. The Underlying Lawsuit alleges that, per the CBA, the employee benefit plans were entitled to audit RDB Universal's books and records to ensure compliance with RDB Universal's obligations. The Underlying Lawsuit alleges that since about August 9, 2014, RDB Universal has failed and refused to file accurate reports evidencing the hours that its

---

[2] Although Deloris and Relder Berry have filed for protection under the federal Bankruptcy laws, Plaintiff obtained relief from the automatic stay entered in that proceeding in order to proceed with this declaratory judgment action.

construction employees worked. The Underlying Lawsuit alleges that this constitutes a breach of the CBA and a violation of the Employment Retirement Income Security Act ("ERISA"). The Underlying Lawsuit alleges that, under ERISA, RDB Universal is liable to the Union Defendants for all unpaid principal amounts, liquidated damages, attorneys' fees, accounting fees, and costs incurred by the Union Defendants. The Underlying Lawsuit further alleges that Deloris and Relder are personally liable for amounts owed due to personal guarantees that they executed.

Nautilus issued a commercial general liability insurance policy to RDB Universal Services, Inc. under Policy Number NN410182 for the policy period of December 12, 2013 to December 12, 2014 (the "2013-2014 Policy"). Nautilus also issued a Commercial General Liability Policy to RDB Universal Services LLC as the Named Insured through Policy No. NN516321 for the policy period December 12, 2014 through December 12, 2015 (the "2014-2015 Policy"). The 2013-2014 Policy and 2014-2015 Policy (collectively, the "Policies") incorporate the following insuring agreement through form CG 00 01 12 04:

> **SECTION I – COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement.**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have

no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence*"* that takes place in the "coverage territory";
**(2)** The "bodily injury" or "property damage" occurs during the policy period; * * *
      * * *
The Policies define, "bodily injury," "occurrence," and "property damage" as follows:
**SECTION V – DEFINITIONS**
* * *
**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

Plaintiff filed its Motion for Summary Judgment seeking a declaratory judgment that it has and had no duty to defend Defendants RDB Universal, Deloris Berry, or Relder Berry against the Underlying Lawsuit or to indemnify them for any judgment or settlement entered in the Underlying Lawsuit.

## Discussion

Objecting Defendants do not dispute the material facts, nor do they contend that the policy does not provide coverage for the Underlying Lawsuit. Rather, the Objecting Defendants argue that Plaintiff is estopped from denying

7

coverage because it defended RDB to their detriment and cost. Objecting Defendants' argument is misplaced.

Under Missouri law an insurer is permitted to defend its insured while reserving the right to later disclaim coverage. *Truck Ins. Exch. v. Prairie Framing, LLC,* 162 S.W.3d 64, 88 Mo.Ct.App.2005) (citations omitted). The insured has the option of either accepting the insurer's defense under a reservation of rights or refusing such defense. *Id.; Brooner & Assoc. v. Western Cas. & Sur.,* 760 S.W.2d 445, 447 (Mo.Ct.App.1988). A reservation of rights letter is a means by which, when coverage is in doubt, the insurer offers to defend the insured while reserving some or all of its policy defenses in case the insured is found liable. *City of Carter Lake v. Aetna Cas. & Sur. Co.,* 604 F.2d 1052, 1060 (8th Cir.1979). By notifying the insured of its reservation of rights prior to any determination of liability, the insurer suspends the operation of waiver and estoppel. *Id.* The purpose of a reservation of rights letter is to enable an insured to make an informed decision as to whether it should, because of a possible conflict of interest between itself and its insurer, take some action in order to protect its interest. Allan D. Windt, *Insurance Claims & Disputes: Representation of Insurance Companies and Insureds* § 2.14 (5th ed.2011). If the insurer decides to defend the insured subject to a reservation of rights, the insured may elect to allow the insurer to defend it, or it may refuse to allow a defense under a reservation of rights, instead retaining its own attorney to defend

8

it and perhaps sue the insurer later. *Safeco Ins. Co. of Am. v. Rogers,* 968 S.W.2d 256, 258 (Mo.Ct.App.1998).

In the instant case, Plaintiff did exactly what it was allowed and encouraged to do to protect itself. It sent its insureds a reservation of rights letter, and as such, protected itself from a possible later finding of liability. Waiver and estoppel were suspended through the reservation of rights letter. Plaintiff is entitled to rely on well established Missouri law which protects, rather than punishes, a reservation of rights and subsequent actions in defending its insureds. The authority cited by Objecting Defendants is inapposite. None of the cases upon which they rely signal the proposition that defending an insured under a reservation of rights subjects the insurer to claims that the policy provisions are extended to cover situations not intended to be covered merely through protecting itself.

Furthermore, Plaintiff is correct in arguing that it owes no duty to Objecting Defendants, and as such, Objecting Defendants are not the proper party to raise any estoppel arguments. Indeed, the insureds did not, and could not raise an estoppel argument; clearly the insureds received benefit from undertaking the defense in the Underlying Lawsuit.

## Conclusion

The clear terms of the policy establish that the breach of the terms of the collective bargaining agreement and subsequent violation of ERISA do not fall

within the policy. The allegations do not constitute "bodily injury" or "property damage" caused by an "occurrence," as defined in the policy. Nor do the allegations constitute "personal and advertising injur[ies]." Plaintiff is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff has and had no duty under the Nautilus Policies to defend RDB Universal, Deloris Berry, or Relder Berry against the Underlying Lawsuit, or to indemnify RDB Universal, Deloris Berry, or Relder Berry for any judgment or settlement entered in *Painters District Council No. 58 et al. v. RDB Universal Services, LLC et al.,* Case Number 4:14-cv-01812.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 26th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE